
Deval L. Patrick, Governor
Timothy P. Murray, Lt. Governor
Richard A. Davey, Secretary & CEO


Massachusetts Department of Transportation

August 24, 2012

Board of Selectman,
Town of Hingham
210 Central Street
Hingham, Massachusetts 02043-2759

Re: Installation of Regulatory Signs And
    Speed Limit Signs

Dear Board of Selectman:

Richard A. Davey, Secretary of Transportation and Chief Executive Officer, Massachusetts Department of Transportation, received a letter dated July 12, 2012, from Frederic P. Zotos, Esquire, together with a copy of a complaint and Exhibits No. 1 to 30 filed in connection with a civil action <u>Zotos vs. Town of Hingham et al</u> Civil Action No. 1:120 cv-11126, which civil action was filed on June 25, 2012 in the Massachusetts Federal District Court.

Page two, Paragraph two, Photographic GPS Survey of Posted Speed Limits, Town of Hingham, MA (2012) of Mr. Zotos' letter indicated that in response to his having received several Civil Motor Vehicle Infractions from the Hingham Police Department for speeding, he conducted a visual and photographic GPS survey of roadways in the town of Hingham. The results of the survey conducted by Mr. Zotos are set forth in Exhibit 28, Table 3 that is attached to the complaint. Mr. Zotos stated in the survey that he identified:

> a total of one-hundred and thirty-six (136) posted speed limit signs on these streets. Moreover, the survey identified seventy-four (74) speed limit signs corresponding to all the Special Speed Regulations that had been issued for roadways passing through a portion of the Town of Hingham, Forty-two (42) of these speed limit signs were located on nine (9) roadways under the jurisdiction of the Commonwealth and thirty-two (32) of these were located on five (5) roadways under the jurisdiction of the Town. The survey also identified sixty (60) speed limit signs for which there were no records (either in the Town or the MassDOT files) of any Special Speed Regulations having been issued. These were all located on eighteen (18) roadways all under the jurisdiction of the Town, Consequently, approximately, sixty-six percent (66%) of all the speed limit signs that Mr. Zotos surveyed under the jurisdiction of the Town lacked a required Special Speed Regulation.

In this regard, Page four, Paragraph 1 of Mr. Zotos' letter provides that as a concerned citizen of this Commonwealth, "I (Frederic P. Zotos) hereby formally provide the MassDOT with the requisite notice as indicated in Ulysses Jacks', Deputy Chief Counsel, letter to Mr. Zotos dated March 7, 2012, and request that the MassDOT promptly undertake the following regulatory enforcement actions".

1) enter the local ways under the jurisdiction of the Town of Hingham, inspect the signs I have identified as not having Special Speed Regulations as required under GL c. 90, Section 18 and GL c. 85 Section 2 (Exhibit 28, Table

Board of Selectmen, Town of Hingham
August 24, 2012
Page Two

3), determine whether they comply with the required provisions, and if such signs do not comply, notify the Town of Hingham to remove the signs pursuant to DOT's regulatory authority under GL c.85, Section 2 and GL c.90, Section 18 (Exhibit No.26), and,

2) in the event non-compliant signs are not removed by the Town of Hingham after being notified in writing, then direct DOT personnel to remove the non-compliant signs as permitted by both GL c.85, Section 2 and GL c.90, Section 18 (Exhibit 26).

For your information, MGL c. 85, Section 2, Traffic Signs or Devices; Erection and Maintenance; Rules and Regulation provides that:

> Any traffic control device which has not been erected or maintained in accordance with the foregoing provisions *may* (emphasis supplied) be removed by or under the direction of the department and be stored by the department until claimed by the owner or, if not claimed within sixty days after written notice to said owner, may be disposed of at the discretion of the department....

Please be advised that the Massachusetts Department of Transportation is mindful of the respect that must be accorded the judiciary, a co-equal branch of government, when a matter has been committed to it for a formal determination, as in this case, the legality of certain speed regulation signs located in the Town of Hingham. However, the Massachusetts Department of Transportation is equally mindful of its statutory duty under MGL c.85, Section 2 to notify you that a concerned citizen has brought into question the proper installation of certain special speed regulation signs located on ways in the Town of Hingham.

Therefore, in accordance with the authority and duty conferred on the Massachusetts Department of Transportation by MGL c.85, Section 2 and MGL c. 90, Section 18 you are hereby notified that Frederic P. Zotos, Esquire, a resident of Cohasset, Massachusetts, has notified the Massachusetts Department of Transportation that the special speed regulation signs set forth in Exhibit 28, Table 3 were not installed consistent with the requirements of MGL c.85, Section 2 and MGL c.90, Section 18.

Consistent with the statutory duty under MGL c. 85, Section 2 and MGL c.90, Section 18, the Massachusetts Department of Transportation has reviewed its files and determined that its files contain Special Speed Regulations for the following town ways in the Town of Hingham and have been approved by the Department of Transportation and the Registrar of Motor Vehicles, as required by MGL c.90, Section 18:

Board of Selectmen, Town of Hingham
August 24, 2012
Page Three

(i) Main Street, East Street, Hull Street (Route 228)-Special Speed Regulation 824, 824-A, 824-B, and 824-c, dated August 22, 1973, November 5, 1973, October 6, 1976 and August 12, 2008, respectively.

(i) Charles Street and Lazell Street-Special Speed Regulation 7440, dated August 26, 1988.

In this regard, it should be noted that ordinarily the concept of due process provides a reasonable time for the Town of Hingham to make a determination in connection with the signs listed on Exhibit 28, Table 3 as improperly installed, and failing any affirmative corrective action by the Town of Hingham, then the Massachusetts Department of Transportation is authorized but not required to take the affirmative action set forth in MGL c. 85, Section 2 and MGL c.90, Section 18.

However, please be advised that the Massachusetts Department of Transportation views the procedural posture of this matter as being anything but ordinary. Specifically, Mr. Zotos has filed a claim in the Massachusetts Federal District Court asking it to determine the validity of the special speed regulations set forth on Exhibit 28, Table 3 as being improperly installed. Once the matter <u>Zotos vs. Town of Hingham et al</u> was docketed in the Massachusetts Federal District Court this action effective stays all actions that the Massachusetts Department of Transportation could have taken under MGL c.85, Section 2.

Therefore, it is the position of the Massachusetts Department of Transportation that it is required, never the less, to give the MGL c.85, Section 2 Notice to the Town of Hingham regarding the special speed regulations listed as improperly installed on Exhibit 28, Table 3. However, the unilateral filing of the complaint by Mr Zotos effectively precludes the Massachusetts Department of Transportation from entering onto the town ways and removing the listed special speed regulation signs until the judiciary has completed its process in the civil action <u>Zotos vs. Town of Hingham et al</u>, or The Massachusetts District Court compels the Massachusetts Department of Transportation to do so, prior to the conclusion of the judicial action. Therefore, based upon the foregoing, the Massachusetts Department of Transportation is constrained from unilaterally proceeding any further than to provide the Board of Selectman, Town of Hingham, with the required MGL c.85, Section 2 Notice in connection with this matter.

The Massachusetts Department of Transportation, never the less, would remind the Board of Selectmen that the primary objective of MGL c. 85, Section 2, MGL c.90, Section 18 and MassDOT's Speed Zoning Procedures (a copy is attached) is to provide safe and appropriate speed limits on all paved streets and highways in the Commonwealth of Massachusetts with full recognition of the general motoring public's right to use a roadway in a demonstrably reasonable and proper manner. An ideal speed limit posting is one that is readily acceptable to prudent drivers and subsequently

Board of Selectman, Town of Hingham
August 24, 2012
Page Four

becomes self-enforcing. If the Town of Hingham wishes to establish speed limits in accordance with the aforementioned statutes on any of the ways under its custody and control, the Massachusetts Department of Transportation Highway Division District Five Office would be more than willing to assist the Town of Hingham by providing guidance on policies and procedures.

Thank you for your anticipated cooperation in this matter.

Sincerely,

Neil E. Boudreau

Neil Boudreau
State Traffic Engineer

cc: Frederic P. Zotos, Esquire
   Chief Michael Peraino,
   Hingham Police Department
   District Five Highway Director

Enclosure
MassDOT Procedures For Speed Zoning On State And Municipal Roadways 2012