# Joseph Padolsky

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Friday, March 25, 2016 5:03 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:13-cv-13065-DJC Zotos v. Hingham, Town of et al Order on Motion to Dismiss for Failure to State a Claim |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

United States District Court

District of Massachusetts

## Notice of Electronic Filing

The following transaction was entered on 3/25/2016 at 5:02 PM EDT and filed on 3/25/2016
**Case Name:** Zotos v. Hingham, Town of et al
**Case Number:** [1:13-cv-13065-DJC](#)
**Filer:**
**Document Number:** 25(No document attached)

**Docket Text:**
**Judge Denise J. Casper: ELECTRONIC ORDER entered.**

**Frederic Zotos ("Zotos") brings this suit alleging that the Town of Hingham and nine of the Town of Hingham's officials and employees (collectively, "Defendants") deprived Zotos of substantive and procedural due process by erecting and enforcing against him speed limits signs that violated Mass. Gen. L. c. 90, § 18. D. 18 ¶¶ 85-141. Zotos alleges that he has been deprived of property in the form of fines, id. ¶¶ 47, 81, increased insurance premiums, id. ¶¶ 68, 79, and threatened license suspension. Id. ¶ 80. Zotos raises his constitutional claims under 42 U.S.C. § 1983. Id. ¶¶ 85-141. Zotos also asserts state law claims for ultra vires acts, abuse of process and unjust enrichment related to the speed limits signs. Id. ¶¶ 142-154. For the reasons stated below, Defendants' motion to dismiss, D. 19, is ALLOWED.**

**Between November 2002 and December 2010, Zotos received three citations for driving in excess of posted speed limits of thirty miles per hour. D. 18-4; D. 18-9; D. 18-15. Zotos did not initially challenge the first two citations he received, but upon receiving the third citation on December 2, 2010, he requested a civil hearing to contest the citation. D. 18-19. Pursuant to Mass. Gen. L. c. 90C, Zotos received a hearing before a clerk-magistrate of the Hingham District Court, D. 1-21, and, at Zotos' request, a de novo hearing before a judge of the Hingham**

District Court. D. 18 ¶ 57. Both resulted in rulings that Zotos was responsible for the speeding violation. Id. ¶¶ 53, 57, 58. Zotos appealed the decision to the Appellate Division of the District Court and then the Massachusetts Appeals Court, both of which affirmed. Police Dep't of Hingham v. Zotos, 81 Mass. App. Ct. 1136 (2012). On September 7, 2012, the Massachusetts Supreme Judicial Court denied Zotos application for further appellate review. Police Dep't of Hingham v. Zotos, 463 Mass. 1106 (2012).

On June 25, 2012, Zotos filed an action in this Court, claiming that Defendants (including all of the Defendants named here and two others) violated his procedural and substantive due process rights by issuing speeding citations to him pursuant to a fraudulent traffic scheme. See Zotos v. Town of Hingham, No. 12-cv-11126-JGD, 2013 WL 5328478, *1 (D. Mass. Sept. 19, 2013) ("Zotos I"). Zotos also asserted state law claims for abuse of process, misrepresentation and unjust enrichment. Id. The district court ruled that Zotos failed to state a claim for relief and dismissed all of the claims without prejudice. Id. at *18. Zotos appealed the decision and the First Circuit affirmed. D. 17-4.

While the appeal of Zotos I was ongoing, Zotos filed this action. D. 1. Zotos concedes that "the facts in the instant case derive from the same transaction or series of connected transactions as those in [Zotos I]." D. 21 at 12 (internal quotation marks omitted). In Defendants' view, Zotos' due process claims, unjust enrichment claim and abuse of process claim are subject to dismissal because the claims are precluded, D. 17 at 13-16, and, alternatively, because Zotos has failed to cure the pleading deficiencies identified in Zotos I. D. 20 at 2-4, 8. Defendants acknowledge that Zotos' ultra vires claims are new, but maintain that those claims should be dismissed for failure to state a claim. Id. at 9-16.

Claim preclusion does not bar Zotos' claims. Claim preclusion requires "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." Kucharski v. Tribeca Lending Corp., 620 F. Supp. 2d 147, 150 (D. Mass. 2009). As to the prior state court action, there is not identity of the cause of action. The state court proceedings occurred pursuant to Mass. Gen. L. c. 90C, which sets out a limited review for alleged violations of motor vehicle laws. See Commonwealth v. Mongardi, 26 Mass. App. Ct. 5, 8 (1988). "The procedure specified in c. 90C for the handling of civil motor vehicle infractions is essentially sui generis, and does not express a civil claim, right or remedy." Id. Thus, the state court focused strictly on whether the enforceability of the speeding citation and not the constitutional and state law claims that Zotos has pressed in Zotos I and this case.

Claim preclusion is also not triggered by Zotos I. Since the Zotos I court dismissed the claims without prejudice, Zotos I, 2013 WL 5328478, at *1, claim preclusion does not apply. See, e.g., Pascoag Reservoir & Dam, LLC v. Rhode Island, 217 F. Supp. 2d 206, 213 (D.R.I. 2002) (noting that "[c]laim preclusion does not apply when a court reserves a party's right to maintain a second action, as happens when a court dismisses a claim without prejudice"); see Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 505 (2001) (noting that "[t]he primary meaning of 'dismissal without prejudice'... is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim").

Turning to the merits of those claims, however, Zotos has failed to correct the deficiencies in his substantive due process claims, Counts I, II, III, and IV. As he did in Zotos I, Zotos alleges that Defendants' posting and maintenance of speed limit signs in violation of Mass. Gen. L. c. 90, § 18 violated his substantive due process rights. Compare D. 17-1 ¶¶ 63-66 with D. 18 ¶¶ 85-88. Zotos also reasserts his allegation that Defendants' failure to train, supervise and

2

discipline its employees to refrain from posting said speed limits violated Zotos' substantive due process rights. Compare D. 17-1 ¶¶ 78-82 with D. 18 ¶¶ 89-95. Finally, Zotos reasserts his allegation that Defendants' issuance of speeding citations against him and Defendants' failure to train their employees to refrain from issuing citations against him violated his substantive due process rights. Compare D. 17-1 ¶¶ 83-87, 111 with D. 18 ¶¶ 96-106.

The Zotos I court concluded that "the defendants' alleged conduct in posting and enforcing illegal speed limit signs" did not rise to the level of conscience-shocking behavior" because the "mere violation of state law by officials seeking to increase public safety is insufficient to meet the extremely high burden necessary to show conscience-shocking behavior." Zotos, 2013 WL 5328478, at *12 (internal quotation marks omitted). Thus, it was incumbent upon Zotos to present amendments to his pleadings such that the allegations rise to the level of conscience-shocking behavior. He has failed to do so. "It is bedrock law in this circuit... that violations of state laweven where arbitrary, capricious, or undertaken in bad faithdo not, without more, give rise to a denial of substantive due process." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992). In his amended complaint, Zotos has merely added reference to commonplace statistics, studies, audit reports and Federal Highway Administration research regarding traffic control. See, e.g., D. 18 ¶¶ 20, 32, 33, 34, 40, 42, 62; D. 18-3; D. 18-5; D. 18-22. Even assuming the truth of these exhibits and Zotos' allegation that Defendants posted and enforced fraudulent speeding signs, such conduct does not rise to conscience-shocking behavior. Even if Defendants did not comply perfectly with the statutory requirements for posting speed limits, "liability for negligently inflicted harm is categorically beneath the threshold of [substantive] due process." Aguilar v. U.S. Immigration & Customs Enf't Div. of Dep't of Homeland Sec., 510 F.3d 1, 21 (1st Cir. 2007) (internal quotation marks and citations omitted) (alteration in original).

Zotos' attempt to recast his substantive due process claims in terms of exculpatory evidence is unavailing. In Counts V and VI, Zotos alleges that his substantive due process rights were violated by Defendants "withhold[ing]... exculpatory material evidence" and maintaining "unfounded charges against [Zotos] of [s]peeding in excess of illegal and unenforceable posted speed limit signs, despite the fact that they knew... [Zotos] could not be found responsible for violating illegal and unenforceable speed limit signs." D. 18 ¶¶ 107-117. As their plain language indicates, these claims merely refer back to Defendants' alleged conduct in relation to the speed limit signs, which this Court has already explained falls short of conscience-shocking conduct. Zotos has failed to adequately allege any specific actions Defendants took in an effort to withhold evidence other than posting the contested speed limit signs, which also does not amount to conscience-shocking behavior.

Zotos has also failed to correct the deficiencies in his procedural due process claims, Counts VII, VIII and IX. As he did in Zotos I, Zotos alleges that he was deprived of his property without procedural due process. Compare D. 17-1 ¶¶ 71-76, 83-87, 96-101, 108-112, with D. 18 ¶¶ 118-141. "Procedural due process guarantees an affected individual the right to some form of hearing, with notice and an opportunity to be heard, before he is divested of his protected interest." Cotnoir v. Univ. of Maine Sys., 35 F.3d 6, 10 (1st Cir. 1994). "[T]he essential requirements of procedural due process include adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Aponte-Rosario v. Acevedo-Vila, 617 F.3d 1, 9 (1st Cir. 2010) (internal citations and quotation marks omitted). Zotos concedes that when he was issued the speeding citation in December 2010 he received written notice of the alleged violation and he received notice of his right to a civil hearing. D. 18 ¶ 52; D. 18-15. As described above, Zotos' challenge to the citation was heard by the Hingham District Court, Appellate Division of the District Court and the Massachusetts Appeals Court. D. 18 ¶¶ 53, 57,

58; see also Police Dep't of Hingham, 81 Mass. App. Ct. at *1. "The availability of judicial review is an especially salient consideration" in determining whether procedural due process has been satisfied. Amsden v. Moran, 904 F.2d 748, 755 (1st Cir. 1990). Here, the extensive judicial review satisfied procedural due process because Zotos received notice and an opportunity to be heard. See, e.g., Licari v. Ferruzzi, 22 F.3d 344, 348 (1st Cir. 1994) (concluding that procedural due process was satisfied where the complaining party received notice, an opportunity to be heard and "adequate administrative and judicial review procedures afterwards"). Additionally, Zotos' unsupported contention that "hearings under [Mass. Gen. L. c. 90C, § 3] are governed by a constitutionally defective evidentiary standard," D. 18 ¶ 138, and are deficient because of "the lack of any evidentiary proof requirement," id. ¶ 122, is meritless. It is well-established that the "Due Process Clause... does not require... any specific set of detailed procedures as long as the procedures... are basically fair ones." Newman v. Burgin, 930 F.2d 955, 960 (1st Cir. 1991) (internal citation omitted). Moreover, courts have recognized that Mass. Gen. L. c. 90C, § 3 is consistent with procedural due process. See Commonwealth v. Weiss, 2004 Mass. App. Div. 144 (Dist. Ct. 2004). For all of these reasons, Zotos' procedural due process claims remain deficient.

Zotos has also failed to correct the deficiencies in his abuse of process claim, Count X. As he did in
Zotos I, D. 17-1 ¶¶ 113-118, Zotos alleges that Defendants maliciously used the legal process while enforcing fraudulent speed limit signs. D. 18 ¶¶ 142-145. "The three elements of the cause of action are that process was used, for an ulterior or illegitimate purpose, resulting in damage." Millennium Equity Holdings, LLC v. Mahlowitz, 456 Mass. 627, 636 (2010) (internal quotation marks and citations omitted). "[P]rocess in the context of abuse of process refers to the papers issued by a court to bring a party or property within its jurisdiction." Powers v. Leno, 24 Mass. App. Ct. 381, 383 (1987) (internal quotation marks and citation omitted). Zotos points to Defendants' "issuance of bogus traffic citations" as "process." D. 21 at 26. The speeding citations, however, were not issued by a court. See Zotos I, 2013 WL 5328478, at *16 (discussing Massachusetts courts construing "process" narrowly for such claims). Indeed, Zotos acknowledges that there is a "lack of Massachusetts precedent equating traffic citations with 'civil legal process.'" D. 21 at 27. Thus, Zotos' abuse of process claim must be dismissed.

Similarly, Count XI, Zotos' unjust enrichment claim remains deficient. Zotos continues to allege that Defendants' collection of fees from citations issued pursuant to the allegedly fraudulent speed limit signs constitutes unjust enrichment. Compare D. 17-1 ¶¶ 128-131, with D. 18 ¶¶ 146-151. A claim for unjust enrichment is not available where a party has an adequate remedy at law. See Fernandes v. Havkin, 731 F. Supp. 2d 103, 114 (D. Mass. 2010). As the Zotos I court concluded, because Zotos' due process and abuse of process claims provide adequate remedies at law, the availability of those claims, regardless of their outcome, precludes a claim for unjust enrichment. See, e.g., One Wheeler Rd. Assocs. v. Foxboro Co., 843 F. Supp. 792, 799 (D. Mass. 1994); Adrion v. Knight, No. 07-cv-11277-RGS, 2009 WL 3152885, at *1 n.1 (D. Mass. Sept. 28, 2009).

In Counts XII, XIII, XIV and XV, Zotos adds ultra vires claims. D. 18 ¶¶ 152-163. Zotos alleges that Defendants acted ultra vires because Defendants erected and enforced special speeding regulations pursuant to Mass. Gen. L. c. 90, § 18 without complying with section 18's requirements. Id. An officer "may be said to act ultra vires only when he acts without any authority whatever." New Hampshire Ins. Guar. Ass'n v. Markem Corp., 424 Mass. 344, 353 (1997) (internal quotation marks omitted) (quoting Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984)); cf. Entergy Nuclear Generation Co. v. Dep't of Envtl. Prot., 459 Mass. 319, 332 (2011) (explaining that agency's actions were not ultra vires because the

authority to take those actions was implied by the governing statute). Only a procedure that has "no authority" in the relevant statutes, considering both the authority expressly and impliedly granted, is ultra vires. Morey v. Martha's Vineyard Comm'n, 409 Mass. 813, 818 (1991). Thus, for this claim to survive, Zotos must plausibly allege that Defendants' conduct was without any authority whatever. Mass. Gen. L. c. 90, § 17 and 18 both pertain to motor vehicle speed limits. Pursuant to section 17, "[n]o person operating a motor vehicle on any way shall run it at a rate of speed greater than is reasonable and proper." Furthermore, "[u]nless a way is otherwise posted in accordance with the provisions of section eighteen, it shall be prima facie evidence of a rate of speed greater than is reasonable and proper... if a motor vehicle is operated... inside a thickly settled or business district at a rate of speed exceeding thirty miles per hour." Mass. Gen. L. c. 90, § 17. Sections 17 and 18 must be read harmoniously." Police Dep't of Hingham, 81 Mass. App. Ct. at *1. Accordingly, section 18 "permits the imposition of a different speed limit so long as certain procedures are followed." Id. In other words, "Section 17 sets forth the basic law [while] section 18 allows modifications to it. Id. Even "if a speed limit is posted in violation of [section] 18, [section] 17 controls." Id.

Zotos concedes that he received his speeding citations for violating speed limits of thirty miles per hour. D. 18-4; D. 18-9; D. 18-15. As the Appeals Court of Massachusetts concluded and Zotos has not disputed, "it appears that [Zotos] was traveling in an area identified as a 'thickly settled area,' in which [section 17] limits speeds to thirty miles per hour. Police Dept of Hingham, 81 Mass. App. Ct. at *2. Consequently, even if Defendants did not satisfy the requirements of section 18, Defendants' conduct was not ultra vires because authority to post and enforce "a reasonable and proper" speed limit is granted by section 17.

Without pointing to any supportive authority, Zotos argues that, because the speed limits at issue were posted, they must be treated as special speed limits pursuant to section 18. D. 21 at 17. In Zotos' view, "'general speed regulations' set forth by [section § 17] are all unposted speed limits." Id. The Court finds no language in section 17 that automatically places a speed limit outside of section 17's purview and renders it subject to section 18's special requirements merely because a public sign has been posted. To the contrary, in section 17 the language "[u]nless a way is otherwise posted in accordance with the provisions of section eighteen," particularly the use of "otherwise," indicates that section 18 is not the exclusive authority for posted speed limits. Mass. Gen. L. c. 90, § 17. Moreover, the fact that the citations may have listed section 18 is not determinative because "[Zotos] suffered no prejudice" given that "[r]egardless of the section checked, whether § 17 or § 18, the Commonwealth had the same burden of proof, to wit, proving operation of the car in excess of that which was reasonable and proper." Police Dep't of Hingham, 81 Mass. App. Ct. at *2. Because Zotos has failed to present a plausible basis upon which to conclude that the speed limits signs at issue were outside of the reach of section 17 and its "reasonable and proper" standard, Zotos has failed to allege that Defendants' conduct was ultra vires. Therefore the ultra vires claims fail.

Because Zotos has failed to cure the deficiencies in his due process, abuse of process and unjust enrichment claims dismissal is granted with prejudice. See Advanced Ion Beam Tech., Inc. v. Varian Semiconductor Equip. Assocs., Inc., 721 F. Supp. 2d 62, 64 (D. Mass. 2010) (explaining that "[s]ince this is the second time the plaintiff has attempted to state a claim based on these grounds, this court recommends that these claims be dismissed with prejudice"). Because amendment to Zotos' ultra vires claims would be futile dismissal is granted with prejudice. See Adorno v. Crowley Towing And Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (noting that leave to amend is not appropriate where the amendment would be futile).

**Accordingly, Defendants' motion to dismiss is ALLOWED. D. 19. (Maynard, Timothy)**

**1:13-cv-13065-DJC Notice has been electronically mailed to:**

Frederick P. Zotos    fzotos@pathogenics.com

Joseph A. Padolsky    jpadolsky@lccplaw.com, slefkowitz@lccplaw.com, tpicariello@lccplaw.com

**1:13-cv-13065-DJC Notice will not be electronically mailed to:**