| CLERK'S NOTICE | DOCKET NUMBER<br>1483CV01018 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|
| CASE NAME:<br>Nicholas G. Belezos vs. Town of Hingham Board of Selectman | | Robert S. Creedon, Jr., Clerk of Courts |
| TO:<br>Joseph Adam Padolsky, Esq.<br>Louison, Costello, Condon & Pfaff, LLP<br>101 Summer Street<br>Boston, MA 02110 | | COURT NAME & ADDRESS<br>Plymouth County Superior Court - Plymouth<br>52 Obery Street - Suite 2041<br>Plymouth, MA 02360 |

You are hereby notified that on 09/29/2016 the following entry was made on the above referenced docket:

MEMORANDUM & ORDER:

(Memorandum of Decision and Order on Defendant's Motion for Judgment on the Pleadings) (Allowed) Dated 9/27/2016. Entered and copies mailed 9/29/2016

| DATE ISSUED | ASSOCIATE JUSTICE/ ASSISTANT CLERK | SESSION PHONE# |
|---|---|---|
| 09/29/2016 | **Hon. Christopher J Muse** | |

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.                                      SUPERIOR COURT
                                                   No. 1483CV01018

NICHOLAS G. BELEZOS,
On behalf of himself and
all others similarly situated,
                                    Plaintiff

v.

BOARD OF SELECTMEN of the
Town of Hingham, in their Official Capacity,
On behalf of themselves and
all others similarly situated,
                                    Defendants

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

### BACKGROUND

The Defendants Board of Selectmen of the Town of Hingham, in their official capacity on behalf of themselves and all others similarly situated, (collectively the "Defendants") pursuant to Rule 12(c) move for Judgment on the Pleadings. Plaintiff's 16 Count complaint[1] concerns the issuance of a speeding ticket on September 28, 2011 charging the Plaintiff with operating his automobile in excess of 30 MPH on Gardner Street in Hingham, Massachusetts. After hearing, and review of all pleadings, giving fair consideration to Plaintiff's statutory, constitutional and

---

[1] Ignoring the constraints of Mass. R. Civ. P. Rule 8 that a pleading contain "(1) a short and plain statement of the claim showing that the pleader is entitled to relief", Plaintiff editorialized for 12 pages before beginning his "Statement of Facts". This possible procedural infirmity is raised only to illustrate the difficulty that this, and perhaps other courts involved in the issue presented, confronted in untying a Gordian knot of relevant facts and applicable law.

equitable challenges to the Town of Hingham's authority to post speed limits by signage, and to enforce said limits by police action, the court **DISMISSES** all counts and enters Judgment for the Defendants.

## DISCUSSION

Defendants correctly argue that the claims raised in the First Amended Complaint are substantially those raised by Plaintiff's Attorney Frederic Zotos, in a personal action he previously filed in the U. S. District Court , and citing to the well reasoned opinion of the District Court Judge, urges this court to dismiss their complaints for the same reasons. Defendants presented a chart of the comparable Zotos complaints, (Zotos I and Zotos II) to establish the identity of those claims for purposes of comparison to Belozo's claims. The court attaches this chart[2] and notes that only Count XVI (conversion) is a claim separate from the Zotos' federal actions.[3]

Now, to the issue that Attorney Zotos raised on his own behalf from the moment of receiving a speeding ticket from a Hingham police officer on Gardner street on December 2, 2010.

Zotos challenged the authority of the Town of Hingham to post the 30 mph sign, and the right of the officer to cite him for its violation. His journey of vindication took him first to the Hingham District court before a clerk magistrate, then to judge of that court, followed by an appeal to the Appellate Division of the District Court, then again to the Massachusetts Court of

---

[2] The attached chart is treated as a helpful chaulk and has no evidentiary value.

[3] Counts I and II, while separate from the federal claims, were previously dismissed by this court (Kane, J.). At hearing the plaintiff acknowledged that he had no legal authority to support a claim of conversion, also necessitating a dismissal.

Appeals, followed by an action before a Magistrate of the Federal District court, a subsequent appeal to the First Circuit Court of Appeals, and finally, before a judge of the Federal Court. In each instance the court proceeding was resolved against Zotos and in favor of the Town.

The core issue raised again by Zotos, now on behalf of Belezos, is: Did Hingham have the right to install that sign, and did the Hingham police have the authority to enforce a speed limit on Gardner St? For the benefit of Belezos and for posterity, the court shall echo the historic findings made earlier against Zotos, and now states without equivocation, "Yes, they did."

G. L. c. 90 § 17 states as follows:

> "... If a speed limit has been duly established upon any way, in accordance with the provisions of said section, operation of a motor vehicle at a rate of speed in excess of such limit shall be prima facie evidence that such speed is greater than is reasonable and proper...".

A reading of the statute clearly authorizes a municipality to establish zones in which certain speeds have been deemed reasonable by the Legislature. The *provisions of said section* noted above, identify several speed restrictions based on the density of the population near the roadways. For example, and applicable to this case, "inside a thickly settled or business district" a sign of thirty miles per hour may be posted.

Federal District Court Judge Casper reviewed this statute and found against Zotos as follows:

> The Court finds no language in section 17 that automatically places a speed limit outside of section 17's purview and renders it subject to section 18's special requirements merely because a public sign has been posted. To the contrary, in section 17 the language "[u]nless a way is otherwise posted in accordance with the provisions of section eighteen," particularly the use of "otherwise," indicates that section 18 is not the

exclusive authority for posted speed limits. Mass. Gen. L. c. 90, § 17. Moreover, the fact that the citations may have listed section 18 is not determinative because "[Zotos] suffered no prejudice" given that "[r]egardless of the section checked, whether § 17 or § 18, the Commonwealth had the same burden of proof, to wit, proving operation of the car in excess of that which was reasonable and proper." Police Dep't of Hingham, 81 Mass. App. Ct. at *2. Because Zotos has failed to present a plausible basis upon which to conclude that the speed limits signs at issue were outside of the reach of section 17 and its "reasonable and proper" standard, Zotos has failed to allege that Defendants' conduct was ultra vires. Therefore the ultra vires claims fail.

Independent of this decision, but giving persuasive effect to her well reasoned holding, this court adopts Judge Casper's finding, and concludes, once again that Hingham had the statutory right to install that sign, and the Hingham police had the authority to enforce its designated speed limits.

Next, to the remaining counts in the Belezos complaint.

Each of the constitutional challenges by Belezos must suffer the same fate as those raised by Zotos, for they are the same. I cite to the decisions of Magistrate Dein and Judge Casper with their exhaustive analysis of those claims and their rulings in favor of Hingham. But, to make this record clear, I find that Hingham and its police department did not violate any substantive or procedural rights of Belezos, they did not fabricate evidence, nor did they apply a defective evidentiary standard, they did not fail to train supervise or discipline their officers, they did not unjustly enrich themselves, they did not in any way violate the equal protection provision of our Constitution, violate his civil rights, or do anything to

"shock the judicial conscience ."[4] All counts in the First amended Complaint are

**DISMISSED**.

**ORDER**

Based on the foregoing, Defendant's Motion for Judgment on the Pleadings is

**ALLOWED**.

Dated: September 27, 2016

Entered 9/28/16

MSCC: FZ
JP
DL

Christopher J. Muse
Justice of the Superior Court

---

[4]The plaintiff erroneously claimed that the SJC earlier found that allowing a traffic violation to stand if the signals were not properly maintained, would shock its conscience, citing to Petition of Sharpe 322 Mass. 441,445 (1948). That court cited Commonwealth v. Bracy 313 Mass. 121, noting that "to permit a sentence to stand for that which is not a crime would shock judicial conscience and result in a palpable miscarriage of justice." Bracy was charged and wrongfully convicted of a felony and sentenced to state prison, which the court reversed. Howard Sharpe received a traffic ticket for not following a directional signal on a street in Newton. That event did not shock the conscience of the court.

|  | Zotos II |  | Belezos |
|---|---|---|---|
|  | *Fraud upon the Court was not a claim in the Zotos II matter. However, fraudulent misrepresentation was a claim in Zotos I which the United States District Court for the District of Massachusetts and the First Circuit Court of Appeals both deemed insufficient.* | Count I | Independent Action to Set Aside Judgment for Fraud Upon the Court (Mass. R. Civ. P. 60(b))<br><br>DISMISSED (See Exhibit A at Dkt #s 20, 22). |
|  | *Fraud upon the Court was not a claim in the Zotos II matter. However, fraudulent misrepresentation was a claim in Zotos I which the United States District Court for the District of Massachusetts and the First Circuit Court of Appeals both deemed insufficient.* | Count II | Independent Action to Set Aside Judgment for Fraud Upon the Court (Mass. R. Civ. P. 60(b)(6))<br><br>DISMISSED (See Exhibit A at Dkt #s 20, 22). |
| Count I | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for exceeding their regulatory authority by fraudulently posting unreasonably low speed limits | Count VII | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for exceeding their regulatory authority by fraudulently posting unreasonably low speed limits |

|  | *Against Defendants Town of Hingham, Selectmen Riley, Burns and Rabuffo, Town Administrator Alexiades, and DPW Superintendent Sylvester, in their official and individual capacities* |  |  |
|---|---|---|---|
| Count II | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline<br><br>*Against Defendants Town of Hingham, Selectmen Riley, Burns and Rabuffo, and Town Administrator Alexiades, in their official and individual capacities* | Count VIII | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline |
| Count III | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for charging Zotos with speeding in excess of an illegal and unenforceable posted speed limit<br><br>*Against Defendants Town of Hingham, Selectmen Riley, Burns and Rabuffo, Town Administrator Alexiades, Chief Mills, Sergeants Horte and Dearth, and Officer Chessler, in their official and individual capacities* | Count IX | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for charging Belezos with speeding in excess of an illegal and unenforceable posted speed limit |
| Count IV | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline<br><br>*Against Defendants Town of Hingham, and Selectmen Riley, Burns and Rabuffo, in their official and individual capacities* | Count X | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline |
| Count V | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for withholding exculpatory material evidence and maintaining unfounded charges | Count XI | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for withholding exculpatory material evidence and maintaining unfounded charges |

|  |  |  |  |
|---|---|---|---|
|  | against Zotos for speeding in excess of illegal and unenforceable posted speed limit signs<br><br>*Against Defendants Town of Hingham, Selectmen Riley, Burns and Rabuffo, Chief Mills, Sergeants Horte and Dearth, and Officer Chessler, in their official and individual capacities* |  | against Belezos for speeding in excess of illegal and unenforceable posted speed limit signs |
| Count VI | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline<br><br>*Against Defendants Town of Hingham, and Selectmen Riley, Burns and Rabuffo, in their official and individual capacities* | Count XII | Violation of substantive due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Failure to Adequately Train, Supervise and Discipline |
| Count VII | Violation of procedural due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Unconstitutional Lack of Evidentiary Safeguard<br><br>*Against all individual Defendants* | Count XIII | Violation of procedural due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Unconstitutional Lack of Evidentiary Safeguard |
| Count VIII | Violation of procedural due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Unconstitutional Conviction Upon a Charge Not Made<br><br>*Against all individual Defendants* |  | *To the extent that Plaintiff's 42 U.S.C. § 1983 claim for "Unconstitutional Conviction Upon a Charge Not Made" is a distinct claim, it is not included in Belezos' Amended Complaint.* |
| Count IX | Violation of procedural due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Constitutionally Defective Evidentiary Standard<br><br>*Against all individual Defendants* | Count XIV | Violation of procedural due process clause of the Fourteenth Amendment to the United States Constitution through 42 U.S.C. § 1983 for Constitutionally Defective Evidentiary Standard |
| Count X | Abuse of Process<br><br>*Against Defendants Town of* |  | *To the extent that Plaintiff's Abuse of Process claim is a distinct claim, it is not included in* |

7

| | | | |
|---|---|---|---|
| | *Hingham, Selectmen Riley, Burns and Rabuffo, Chief Mills, Sergeants Horte and Dearth, and Officer Chessler, in their official and individual capacities* | | *Belezos' Amended Complaint.* |
| Count XI | Unjust Enrichment<br><br>*Against Defendant Town of Hingham* | Count XV | Unjust Enrichment |
| Count XII | Ultra Vires (G.L. c. 90, § 18)<br><br>*Against Defendants Selectmen Riley, Burns and Rabuffo, Town Administrator Alexiades and Superintendent Sylvester in their official and individual capacities* | Count III | Ultra Vires (G.L. c. 90, § 18) |
| Count XIII | Ultra Vires (G.L. c. 90, § 17)<br><br>*Against Defendants Selectmen Riley, Burns and Rabuffo, Chief Mills, Sergeants Horte and Dearth, and Officer Chessler in their official and individual capacities* | Count IV | Ultra Vires (G.L. c. 90, § 17) |
| Count XIV | Ultra Vires ("Procedures for Speed Zoning on State and Municipal Roads" (2005))<br><br>*Against Defendants Selectmen Riley, Burns and Rabuffo, Town Administrator Alexiades and Superintendent Sylvester in their official and individual capacities* | Count V | Ultra Vires ("Procedures for Speed Zoning on State and Municipal Roads" (2005)) |
| Count XIV | Ultra Vires ("The Massachusetts Amendments to the 2009 Manual on Uniform Traffic Control Devices," § 10A-8 (January 2012))<br><br>*Against Defendants Selectmen Riley, Burns and Rabuffo, Town Administrator Alexiades and Superintendent Sylvester in their official and individual capacities* | Count VI | Ultra Vires ("The Massachusetts Amendments to the 2009 Manual on Uniform Traffic Control Devices," § 10A-8 (January 2012)) |
| *Conversion was not a claim in the Zotos II matter.* | | Count XVI | Conversion |

Commonwealth of Massachusetts

PLYMOUTH, ss.                                SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             Civil Action No. **1483CV1018**

Nicholas G. Belezos, on behalf of himself and
all others similarly situated,
    Plaintiff,
vs.

Board of Selectmen of the Town of Hingham, in their Official Capacity,
on behalf of themselves and all others similarly situated,
    Defendants.

## JUDGMENT

This action came before the Court, Robert J. Kane, Justice, presiding, upon motion of the defendants, Board of Selectmen of the Town of Hingham in their Official Capacity, on behalf of themselves and all others similarly situated's, Motion to Dismiss, and the Court after hearing, issued Rulings on Two Points. Thereafter, this action came before the Court, Robert J. Kane, Justice, presiding, upon a Joint Motion for Clarification, and the Court, upon consideration thereof, issued a ruling. Thereafter, the action came before the Court, Christopher J. Muse, Justice, presiding, upon motion of the defendants, Board of Selectmen of the Town of Hingham in their Official Capacity, on behalf of themselves and all others similarly situated's, Motion for Judgment on the Pleadings, and the Court, after hearing and upon consideration thereof, issued a Memorandum of Decision and Order, therefore,

It is **ORDERED** and **ADJUDGED**:

That the complaint of the plaintiff, Nicholas G. Belezos, on behalf of himself and all others similarly situated, be and hereby is dismissed against the defendants Board of Selectmen of the Town of Hingham, in their Official Capacity, on behalf of themselves and all others similarly situated, and that the defendants recover their costs of action.

Dated at Plymouth, Massachusetts this Twenty-Ninth day of September, 2016.

                                                 _/s/ John C. Barr_
                                                 Assistant Clerk

Copies mailed 9/29/2016