NOTICE: Summary decisions issued by the Appeals Court pursuant to its rule 1:28, as amended by 73 Mass. App. Ct. 1001 (2009), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

16-P-1622

NICHOLAS G. BELEZOS[1]

vs.

BOARD OF SELECTMEN OF HINGHAM.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

Nicholas G. Belezos filed suit against the board of selectmen (board) of the town of Hingham (town) alleging he was unlawfully cited and fined for speeding, a civil motor vehicle infraction. Belezos now appeals from a judgment in the Superior Court dismissing his suit in its entirety.[2] We affirm.

Background. There are two principal statutes governing speed restrictions when operating a motor vehicle within the Commonwealth. General Laws c. 90, § 17, as appearing in St. 1986, c. 689, § 7, provides in pertinent part, "No person operating a motor vehicle on any way shall run it at a rate of speed greater than is reasonable and proper." Section 17 further provides that speeds in excess of limits ranging from

---

[1] On behalf of himself and all others similarly situated.
[2] Previously, a different judge dismissed two counts in the complaint alleging fraud on the court. That ruling is not at issue on appeal.

fifty miles per hour (m.p.h.) to twenty m.p.h. depending on the type of road and whether it is inside or outside of a "thickly settled or business district," shall be "prima facie evidence of a rate of speed greater than is reasonable and proper" <u>unless</u> said roads have a speed limit "posted in accordance with the provisions of section eighteen."  General Laws c. 90, § 18, as appearing in St. 1986, c. 689, § 8, authorizes cities and towns to make "special regulations as to the speed of motor vehicles" within their jurisdiction subject to the approval of the Massachusetts Department of Transportation and the registrar of motor vehicles.  These special regulations of speed, when approved and posted on roadways, become the controlling speed limit notwithstanding anything to the contrary in § 17.  See G. L. c. 85, § 2.  A reading of § 17 and § 18 together suggests a scheme for speed enforcement throughout the Commonwealth in which posted speed limits govern over the presumptive limits and the reasonable and proper standard set forth in § 17 and, on roadways without posted limits, vehicular speed is governed by § 17.

On September 28, 2011, a town police officer issued Belezos a speeding citation for driving in excess of the thirty m.p.h. posted speed limit on Gardner Street.  Belezos exercised his right to contest responsibility for this civil motor vehicle infraction by requesting a hearing.  See G. L. c. 90C, § 3(A)(2)

& (4).  A noncriminal hearing was held on December 28, 2011, where the clerk-magistrate in the District Court found Belezos responsible for the speeding infraction.  Following the hearing, Belezos waived his right to a de novo hearing before a judge of the District Court and, instead, commenced the underlying lawsuit against the board.[3]

Belezos's complaint alleges that the town improperly posted sixty speed limit signs, including the sign under which he was cited, when it failed to obey the procedures outlined in G. L. c. 90, § 18, and set forth in G. L. c. 85, § 2.  In addition, Belezos argues the text of G. L. c. 90, § 17, does not "authorize municipalities to . . . establish speed zones or post speed limit signs."  At its core, Belezos's civil action challenges the basis of his speeding citation and, in addition, asserts constitutional and due process violations arising out of his allegation that the town "engaged in . . . deliberate deception when [it] . . . proffered prima facie evidence of phony speed limit signs."

The board subsequently filed a motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974). The judge allowed the board's motion, effectively dismissing Belezos's complaint in its entirety.

---

[3] In both his complaint and his brief, Belezos expressly states that he waived his right to a de novo hearing because of "[t]he strength [of the t]own's prima facie case."

3

Discussion. It is unnecessary to reach the merits of Belezos's claims because he waived his right to contest the civil motor vehicle infraction that is at the heart of this dispute by failing to pursue the remedy expressly provided for by the Legislature. General Laws c. 90C, § 3, par. 2, as appearing in St. 1991, c. 138, § 161, states that "[p]ayment of the indicated assessment shall operate as a final disposition of the matter." For this reason, we need not review the legal reasoning of the judge who ordered the dismissal of the complaint. See Ng Bros. Constr. v. Cranney, 436 Mass. 638, 639 (2002) (appellate court may affirm judgment for reasons that differ from those given by motion judge).

        Judgment affirmed.

        By the Court (Wolohojian, Agnes & Wendlandt, JJ.[4])

*Joseph F. Stanton*
Clerk

Entered: November 14, 2017.

---

[4] The panelists are listed in order of seniority.