UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NICHOLAS G. BELEZOS, on behalf
of himself and all others
similarly situated,
     Plaintiffs,


     v.                                      CIVIL ACTION NO.
                                             17-12570-MBB


BOARD OF SELECTMEN of
Hingham, Massachusetts,
in their official capacity,
on behalf of themselves and
all others similarly situated,
     Defendants.


**MEMORANDUM AND ORDER RE:**
**DEFENDANTS' MOTION FOR RECONSIDERATION**
**OF JULY 3, 2019 ORDER**
**(DOCKET ENTRY # 31)**

**November 27, 2019**

**BOWLER, U.S.M.J.**

Defendants Board of Selectmen of the Town of Hingham

("defendants"), sued in their official capacity, seek

reconsideration of a July 2019 decision (Docket Entry # 30, pp.

4-9) that, in turn, reconsidered a March 2019 decision (Docket

Entry # 22, pp. 17, 26-29) on the third element of claim

preclusion, i.e., the existence of a "'prior final judgment on

the merits.'"  RFF Family P'ship, LP v. Ross, 814 F.3d 520,

531–32 (1st Cir. 2016) (internal citations omitted).  They submit

the July 2019 decision constitutes "a manifest error of law as

well as a manifest injustice" which warrants reconsideration.

(Docket Entry # 31, pp. 9-10).  Plaintiff maintains that the July

2019 decision is correct, the decision in <u>Springfield Pres. Tr.,</u>
<u>Inc. v. Springfield Library and Museums Ass'n, Inc.</u>, 852 N.E.2d
83 (Mass. 2006) ("<u>Springfield Trust</u>"), is controlling, and
defendants are unsuccessfully attempting to raise a new argument
that this court deemed waived in the July 2019 decision.  (Docket
Entry # 32).  The relevant procedural background is as follows.

<u>BACKGROUND</u>

In April 2018, defendants moved to dismiss all of the claims
in a first amended complaint based, inter alia, on claim
preclusion.  (Docket Entry ## 8, 13, 14).  They asserted that a
September 2016 decision and final judgment by the trial court in
plaintiff's state court proceeding in Massachusetts Superior
Court (Plymouth County) ("the trial court") in <u>Belezos v. Board</u>
<u>of Selectmen of the Town of Hingham</u>, Civil Action No. 1483CV01018
("<u>Belezos</u>") (Docket Entry # 8-7), barred adjudication of the
federal and state law claims in this action.  (Docket Entry # 8,
pp. 16-17) (Docket Entry # 13) (Docket Entry # 14, p. 10).  The
trial court's decision and judgment in <u>Belezos</u> undeniably reached
and rejected the substantive merits of the federal constitutional
claims and the ultra vires state law claims in that proceeding.
(Docket Entry # 8-7).  These federal constitutional and state law
claims are substantially the same as the corresponding claims
brought in this action.  (Docket Entry # 11, 15-1).

Plaintiff opposed the claim preclusion argument because the

Massachusetts appeals court ("MAC") in <u>Belezos</u> affirmed the trial court's decision on a different ground without "ruling on the merits." (Docket Entry # 15, p. 22). Specifically, the MAC stated, "It is unnecessary to reach the merits of Belezos's claims because he waived his right to contest the civil motor vehicle infraction . . . by failing to pursue the remedy expressly provided for by the Legislature" in Massachusetts General Laws chapter 90C ("chapter 90C"), section three.[1]  Rather, plaintiff paid the speeding ticket he received on Gardner Street which, by statute, "'operate[s] as a final disposition of the matter.'"[2]  (Docket Entry # 8-8, p. 4) (quoting Mass. Gen. Laws

---

[1]  The July 2019 opinion explains the procedure to challenge a traffic citation and the appeal process in chapter 90C at length.  (Docket Entry # 30, pp. 18-21).  It details the opportunity plaintiff had to raise various issues of law he presents in this action.

In contrast to plaintiff, plaintiff's counsel fully availed himself of the procedures in chapter 90C in challenging a speeding ticket he received on Gardner Street in Hingham, Massachusetts.  On appeal in the state-court proceeding, plaintiff's counsel raised a number of statutory and federal constitutional arguments and claims similar to those that plaintiff asserts in this proceeding.  (Docket Entry # 25-1).  The MAC expressly and impliedly addressed and rejected them.  <u>See</u> <u>Hingham Police Dep't v. Zotos</u>, No. 11-P-1716, 2012 WL 1689189 (Mass. App. Ct. May 16, 2012) (unpublished).

[2]  In full, the relevant language in the MAC's decision reads as follows:

It is unnecessary to reach the merits of Belezos's claims because he waived his right to contest the civil motor vehicle infraction that is at the heart of this dispute by failing to pursue the remedy expressly provided for by the Legislature.  General Laws c. 90C, § 3, par. 2, as appearing in St. 1991, c. 138, § 161, states that "[p]ayment of the

3

ch. 90C, § 3).

The March 2019 decision allowed defendants' motion to dismiss the federal and the state law claims based on claim preclusion.[3] (Docket Entry # 22, pp. 15-29, 41). Regarding the third element, this court explained that the trial court decided "the statutory ultra vires and constitutional section 1983 claims on the merits (Docket Entry # 8-7, pp. 2-10) and entered a final judgment on the merits (Docket Entry # 8-7, p. 11)." (Docket Entry # 22, p. 26) (citing In re Sonus Networks, Inc., 499 F.3d 47, 60, n.6 (1st Cir. 2007)). Thereafter, this court addressed plaintiff's argument that the MAC disregarded the merits-based dismissal of the trial court and decided the matter on another ground, i.e., plaintiff's payment of the ticket waived his ability to further contest the matter. Quoting the March 2019 opinion, this court rejected plaintiff's argument because "[c]laim preclusion applies to a final judgment even if it is subject to an appeal" unless "the appeals court reverses" the

---

indicated assessment shall operate as a final disposition of the matter." For this reason, we need not review the legal reasoning of the judge who ordered the dismissal of the complaint. See Ng Bros. Constr. v. Cranney, 436 Mass. 638, 639 (2002) (appellate court may affirm judgment for reasons that differ from those given by motion judge).

(Docket Entry # 8-8, p. 4) .

[3] Additionally, the decision rejected the federal constitutional claims on the merits.

4

lower court.  (Docket Entry # 22, p. 29) (citing <u>Restatement</u>

<u>(Second) of Judgments</u> § 13 cmt. f (1982)).  In full, this court

then stated that:

> The MAC did not reverse the trial court's judgment.  Rather,
> it affirmed the judgment for a different reason.  Moreover,
> unlike the higher court in <u>Baylis</u>,[4] which questioned the
> lower court's alternative ruling, <u>see</u> <u>In re Baylis</u>, 217 F.3d
> at 71, the MAC's decision in <u>Belezos</u> did not question the
> trial court's ruling.
>
> In sum, claim preclusion bars litigation or relitigation of
> all of plaintiff's individual claims.

(Docket Entry # 22, p. 29).  In making this ruling, this court

did not rely on defendants' argument that, "The fact that the

Appeals Court affirmed the judgment on other grounds without the

need to reach the merits of Judge Muse's decision does not alter

the fact that the prior action produced a final judgment on the

merits, the parties were the same, and the causes of action were

the same."  (Docket Entry # 8, p. 17) (Docket Entry # 14, p. 10).

Rather, as noted above, this court relied on the <u>Restatement</u>

<u>(Second) of Judgments</u> § 13 cmt. f (1982), the fact that the MAC

did not reverse the trial court's judgment, and the fact that the

trial court's decision and judgment did not involve two

alternative grounds to dismiss the claims.  (Docket Entry # 22,

p. 29).

Two weeks after the March 2019 decision, plaintiff filed a

motion to reconsider the claim preclusion ruling as it applied to

---

[4]  <u>In re Baylis</u>, 217 F.3d 66 (1st Cir. 2000).

the state law ultra vires claims.[5]  In the July 2019 decision on
the motion to reconsider, this court reversed course on the claim
preclusion ruling regarding the third element in light of
overlooking the decision of the Massachusetts Supreme Judicial
Court ("SJC") in Springfield Trust, which adjudicated claim
preclusion in the context of an appeal.  Like the MAC in Belezos
(Docket Entry # 8-8, p. 4), the MAC in the prior case examined
for its claim-preclusive effect in Springfield Trust affirmed the
trial court based on a ground different from the trial court's
substantive merits-based decision.

More specifically, the SJC in Springfield Trust addressed
the claim-preclusive effect of the prior case wherein the trial
court found an ordinance valid and a 1979 decision by the MAC[6] on
direct appeal affirmed the judgment "on procedural grounds."
Springfield Trust, 852 N.E.2d at 91.  Notably, the procedural
grounds consisted of a failure to join a necessary party and a
failure to "notify the Attorney General of the suit, as required"
under a state statute.  Id. at 91, n.11.[7]  On appeal in the prior

---

[5]  The claim preclusion bar regarding the federal claims
(Docket Entry # 22) therefore remains intact.

[6]  Springfield Pres. Tr., Inc. v. Roman Catholic Bishop of
Springfield, 387 N.E.2d 211 (Mass. App. Ct. 1979).

[7]  Footnote 11 reads as follows:

Specifically, the trust had failed to join the city of
Springfield as a necessary party and to notify the Attorney
General of the suit, as required by G.L. c. 231A, § 8.

case, the MAC "specifically stated that it did 'not reach the other questions raised.'"   Id. at 91 (internal citation omitted).  The SJC therefore refused to apply claim preclusion to the trial court's initial decision on the substantive merits because the MAC decided the matter on other grounds that had nothing "to do with the merits[,]" namely, the failure to join a necessary party and the failure to give notice to the Attorney General of the Commonwealth ("the Attorney General") regarding the lawsuit.   Id. at 91 n.11.   The relevant passage in the SJC's decision reads as follows:

> While the lower court had addressed the merits of the trust's claim, the case was ultimately decided on other grounds having nothing to do with the merits (see note 11, *supra*).   "It is settled . . . that no [preclusive] effect can be attributed to a decree dismissing a bill or petition in equity, for want of jurisdiction or any other cause not involving the essential merits of the controversy."   *Curley v. Curley*, 311 Mass. 61, 66, 40 N.E.2d 272 (1942).   See *Hartford Acc. & Indem. Co. v. Commissioner of Ins.*, 407 Mass. 23, 29-30, 551 N.E.2d 502 (1990) (rejecting res judicata argument where commissioner was without jurisdiction to hear claims).   See also *Jarosz v. Palmer*, 436 Mass. 526, 533, 766 N.E.2d 482 (2002).

Id.; see In re Sonus Networks, Inc., 499 F.3d 47, 59 (1st Cir. 2007) ("Sonus Networks") (quoting above language in Springfield

---

*Springfield Preservation Trust, Inc. v. Roman Catholic Bishop of Springfield*, 7 Mass.App.Ct. 895, 387 N.E.2d 211 (1979).

Springfield Trust, 852 N.E.2d at 91 n.11.

Trust quoting Curley v. Curley, 40 N.E.2d 272, 274 (Mass. 1942)).[8]

In the July 2019 decision, this court analogized the trial court's merits-based decision in Belezos and the MAC's decision "on [the] procedural ground based on a waiver" to the circumstances in Springfield Trust, which refused to apply claim preclusion because the MAC affirmed the trial court "'on procedural grounds'" even though the trial court addressed the merits of the claim.  (Docket Entry # 30, pp. 5-7).  This court therefore reconsidered the March 2019 decision and refused to apply claim preclusion because the MAC's decision in Belezos, like the MAC's decision reviewed in Springfield Trust, "decided the matter on a procedural ground based on a waiver without reaching the merits (Docket Entry # 8-8)."  (Docket Entry # 30, pp. 5-6).  Given plaintiff's vigorous argument relying on Springfield Trust (Docket Entry # 26, pp. 5-6), what this court neglected to perform was to analyze and compare the MAC's "procedural grounds" in Springfield Trust (failure to join a necessary party and notify the Attorney General of the suit) to the MAC's grounds in Belezos (statutory waiver by paying the assessment and failing to pursue a chapter 90C appeal).  In

---

[8]  Plaintiff repeatedly quoted a portion or the entirety of the above language in opposing the motion to dismiss, seeking reconsideration, and opposing defendants' reconsideration motion. (Docket Entry # 15, p. 22) (Docket Entry # 26, pp. 5-6) (Docket Entry # 32, p. 5).  As an aside, page references refer to the page number in the upper right-hand corner of the filing.

seeking reconsideration, defendants identify the error in the analogy.  (Docket Entry # 31, pp. 3-4, 6-9).  They explicitly and accurately point out that, "The Trust could correct their procedural errors and re-file.  Belezos cannot reverse the fact that he waived the right to contest the civil motor vehicle infraction."  (Docket Entry # 31, p. 8).

The procedural history leading to the SJC's <u>Springfield Trust</u> decision not to afford the MAC's 1979 decision preclusive effect is instructive.[9]  The MAC's 1979 decision affirmed the trial court's dismissal because the plaintiffs, including plaintiff Springfield Preservation Trust, Inc. ("the trust"), did not join the City of Springfield, a necessary party in any proceeding involving validity of a municipal ordinance,[10] and did not send notice to the Attorney General, which is a "*condition[]* *precedent* to the entry of" the declaratory relief sought by the plaintiffs.  <u>Springfield Pres. Tr., Inc. v. Roman Catholic Bishop of Springfield</u>, 387 N.E.2d at 213 (citing Mass. Gen. Laws ch. 231A, § 8) (emphasis added).  In 2001, the trust challenged the same ordinance culminating in the SJC's <u>Springfield Trust</u> decision.  <u>Springfield Trust</u>, 852 N.E.2d at 90.  This time,

---

[9]  In seeking reconsideration, defendants outline the history.

[10]  There was no jurisdictional impediment to joining the City of Springfield inasmuch as the court had jurisdiction over the city.

however, the trust cured the condition precedent to suit by
notifying the Attorney General of the claims and it named the
necessary party, i.e., the City of Springfield, as a defendant.
Jarrett v. Springfield Library and Museums Ass'n, No. 01107, 2003
WL 21246549, at *7 n.8 (Mass. Super. Feb. 21, 2003) (emphasis
added) (unpublished), *vacated sub nom.* Springfield Trust, 852
N.E.2d 83 (Mass. 2006).  The trial court therefore rejected the
argument by defendant Springfield Library and Museums
Association, Inc. ("SLMA") that the MAC's 1979 decision barred
the action:

> The SLMA also argues that the Trust's claims are barred by
> two earlier cases addressing the application of G.L.c. 40C,
> *Springfield Preservation Trust, Inc. v. Roman Catholic
> Bishop of Springfield*, 7 Mass.App.Ct. 895 (1979), and
> *Springfield Preservation Trust, Inc. v. Springfield
> Historical Commission*, 380 Mass. 159 (1980).  Those cases
> held that the Superior Court lacked jurisdiction because the
> Trust failed to join the City as a defendant, failed to
> notify the Attorney General of its claims, and was not
> entitled to standing under the older statutory definition of
> "person aggrieved."  *Here, the Trust included the City as a
> defendant, and provided appropriate notice to the Attorney
> General of its constitutional claim* (which has since been
> abandoned).  Additionally, the definition of "person
> aggrieved" in G.L.c. 40C, § 5 was amended in 1983 to apply
> to "any charitable corporation in which one of its purposes
> is the preservation of historic structures or districts," a
> definition that includes the Trust.  For these reasons, the
> Trust's claims are not barred by the two pre-1983 cases
> cited by the SLMA.

Jarrett v. Springfield Library and Museums Ass'n, 2003 WL
21246549, at *7 n.8 (emphasis added).

It is well established and set out in the Restatement
(Second) of Judgments § 20 that judgments based on a failure to

10

join a party or a failure to satisfy a precondition to suit are typically not decisions on the merits for purposes of claim preclusion. Restatement (Second) of Judgments § 20.[11]  Whereas issue preclusion may prevent a party from simply refiling suit without joining the necessary party, see Sonus Networks, 499 F.3d at 59, 62 (citing Massachusetts case "giving preclusive effect to an earlier dismissal for failure to join an indispensable party, where the plaintiff had brought a second suit without joining the indispensable party"), or without satisfying the precondition, see id. at 60, ordinarily judgments grounded on nonjoinder of a party or failure to satisfy a precondition do not provide a basis for claim preclusion. Restatement (Second) of Judgments §§ 20(1)(a), 20(2).  In Massachusetts, a prior final judgment dismissing an action for lack of jurisdiction or for failure to join a necessary party are reasons not to afford the prior final judgment claim-preclusive effect because, to use the requisite terminology, they are not decisions on the merits. See OneBeacon Am. Ins. Co. v. Narragansett Elec. Co., 31 N.E.3d 1143, 1157–58 (Mass. App. Ct. 2015) ("dismissal for lack of subject matter

---

[11]  These comprise exceptions to the general rule in section 19 that, "A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19.  Sections 18 to 26 of the Restatement (Second) of Judgments set out the rules applicable to claim preclusion whereas sections 27 and 28 set out the rules applicable to issue preclusion. Restatement (Second) of Judgments, ch. 1, Introduction, Scope.

jurisdiction, even if labeled 'with prejudice,' will not bar a
subsequent action by the plaintiff on the same claim") (citing
Department of Rev. v. Ryan R., 383, 816 N.E.2d 1020, 1023 (Mass.
App. Ct. 2004), citing Restatement (Second) of Judgments § 20
cmt. d (1982), and Mass. R. Civ. P. 41(b)(3)); Restatement
(Second) of Judgments § 20(1)(a); see also Mestek, Inc. v. United
Pac. Ins. Co., 667 N.E.2d 292, 294 (Mass. App. Ct. 1996) (relying
on Mass. R. Civ. P. 41(b)(3), which excludes failure to join
party as adjudication on the merits, to conclude that dismissal
for failure to state a claim operates as final judgment on merits
for claim preclusion); accord Buffalo-Water 1, LLC v. Fid. Real
Estate Co., LLC, 111 N.E.3d 266, 273 n.9 (Mass. 2018) (citing
Mestek, 667 N.E.2d at 294).  Failing to satisfy a precondition to
suit, such as making a demand or, by analogy, notifying a party,
"is a failure that may be remedied" and does not bar a subsequent
suit once the failure is cured.  Sonus Networks, 499 F.3d at 56,
61-62 (applying Massachusetts law); see generally Griffith v. Bd.
of Appeals of Framingham, 537 N.E.2d 161, 163 (Mass. App. Ct.
1989) (citing, inter alia, Restatement (Second) of Judgments §
20(2)).  In contrast, plaintiff cannot cure his failure to pursue
the remedies in section three of chapter 90C because he waived
those remedies by paying the assessment for the traffic
infraction.  (Docket Entry # 8-8, p. 4); Mass. Gen. Laws ch. 90C,
§ 3(A)(3) ("[p]ayment of the indicted assessment shall operate as

a final disposition of the matter").

Furthermore, as lucidly explained by the First Circuit in Sonus, "the requirement that the prior judgment be 'on the merits' was omitted from the *Restatement (Second)*, which has been quoted and relied on by Massachusetts courts, even as they have continued to reiterate 'on the merits' as a requirement for issue preclusion," Sonus Networks, 499 F.3d at 57, and by analogy, claim preclusion.  See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497, 503 (2001).  Although the classic case "'continues to be one in which the merits of the claim are in fact adjudicated against the plaintiff after trial,'" the trend is to expand claim preclusion to "'judgments not passing directly on the substance of the claim . . ..'" Sonus Networks, 499 F.3d at 57-58 (quoting Restatement (Second) of Judgments § 19 cmt. a). The cited comment is particularly appropriate to the case at bar:

> The rule that a defendant's judgment acts as a bar to a second action on the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end.  These considerations may impose such a requirement even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, . . ..

Restatement (Second) of Judgments § 19 cmt. a.

Returning to the Springfield Trust decision, which Sonus recognizes applied claim as opposed to issue preclusion, see Sonus Networks, 499 F.3d at 59, the SJC rejected a defendant's

claim-preclusion argument because the MAC decided the matter on the "procedural grounds" of failing to join a necessary party and failing to notify the Attorney General.  Springfield Trust, 852 N.E.2d at 91 n.11.  In contrast, the MAC in Belezos decided the matter on a non-substantive basis (plaintiff's failure to pursue remedies provided in chapter 90C), which continues to render plaintiff unable to refile the claims against the very same parties, defendants.  Belezos does not involve the nonjoinder of a party that plaintiff can subsequently sue.  Likewise, it does not involve a precondition of notification that plaintiff can subsequently satisfy.  Plaintiff's waiver of the remedies provided in chapter 90C, section three, is not a precondition he is able to cure.  Rather, his decision not to avail himself of the remedies in chapter 90C, section three, is final and appropriate for claim preclusion even though the MAC did not pass upon the substantive merits of the ultra vires state law claims. See Restatement (Second) of Judgments § 19 cmt. a.  The plain language of section three of chapter 90C admits no exceptions.[12]

Beyond the exact confines of the third element of claim preclusion, the policies that give rise to the doctrine support its application in this action.  Claim preclusion as well as issue preclusion "relieve parties of the cost and vexation of

---

[12]  As previously noted in footnote one, plaintiff's counsel fully availed himself of these remedies.

multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." Allen v. McCurry, 449 U.S. 90, 94 (1980); accord Alicea v. Commonwealth, 993 N.E.2d 725, 731 (Mass. 2013) (quoting Allen, 449 U.S. at 94). Claim preclusion also "promote[s] the comity between state and federal courts that has been recognized as a bulwark of the federal system." Allen, 449 U.S. at 96; accord Alicea, 993 N.E.2d at 731; see also Semtek, 531 U.S. at 504 (discussing federalism principle); Willhauck v. Halpin, 953 F.2d 689, 704 (1st Cir. 1991). Indeed, under the long-standing full faith and credit statute, 28 U.S.C. § 1738, Congress commands "all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen, 449 U.S. at 96.

Here, as repeatedly and consistently reiterated by defendants, plaintiff's state court litigation regarding the speed limit sign on Gardner Street compelled them to defend against the hard-fought litigation that plaintiff pursued in the state trial court, the MAC, and the SJC. (Docket Entry ## 8-7, 8-8, 8-9, 15-1, 25-4). The merits of the litigation did not favor plaintiff in light of his counsel's repeatedly-unsuccessful attempts in state and federal court to obtain relief related to his own speeding ticket on Gardner Street. (Docket Entry ## 8-1 to 8-5, 25-3). Claim preclusion will relieve the further cost

and vexation to defendants of extending this already extensively litigated matter and conserve additional judicial resources devoted to this case at the expense of other cases.  In addition, federalism and comity caution against a federal court interfering and essentially overlooking or overturning a state court decision (Docket Entry # 8-8) that applies a state statute to bar plaintiff from further challenges in this matter because he failed to avail himself of the opportunities initially provided in chapter 90C.  Allowing the claims in this case, which comprise substantially the same claims against the same defendants that the MAC precluded in <u>Belezos</u> (Docket Entry ## 8-8, 11, 15-1), to go forward goes directly against the premise of the MAC's decision, which the MAC considered final.  (Docket Entry # 8-8, p. 4) (quoting chapter 90C, section three, that payment of assessment "'shall operate as a *final* disposition'") (emphasis added).[13]  Placed in this context, the policies underlying claim preclusion are well served and, indeed, strongly served by its application.

In light of this court's clear error of law to allow reconsideration in the July 2019 decision and reinstate the state

---

[13] Moreover, the SJC denied plaintiff's application for leave to obtain further appellate review ("ALOFAR") raising a number of points for further review, including the purported error in the MAC's decision to preclude relief.  (Docket Entry # 8-9); <u>Belezos v. Bd. of Selectmen of Hingham</u>, 102 N.E.3d 424 (Mass. 2018) (Table).

law claims, the issue reduces to whether to allow reconsideration for the second time on the third element of claim preclusion.  As noted above, defendants rely on a manifest error of law and a manifest injustice to obtain reconsideration.

As an interlocutory ruling prior to a final judgment, this court has the discretionary power to reconsider the July 2019 ruling.  See Geffon v. Micrion Corp., 249 F.3d 29, 38 (1st Cir. 2001); Karter v. Pleasant View Gardens, Inc., 323 F. Supp. 3d 179, 181 (D. Mass. 2018) (court "has substantial discretion to grant or deny a motion for reconsideration"); see also Harlow v. Children's Hosp., 432 F.3d 50, 55 (1st Cir. 2005) ("law of the case" applied to previous orders "of the court rendering them in the same case, merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power") (parenthetical quoting First Circuit case, which quotes Messenger v. Anderson, 225 U.S. 436, 444 (1912)) (internal quotation marks omitted).  Reconsideration, however, presents a standard difficult to meet.  Latin Am. Music Co. v. Am. Soc'y of Composers, Authors and Publishers (ASCAP), 642 F.3d 87, 91 (1st Cir. 2011) ("hurdle is a high one").  It is appropriate when "'the movant shows a manifest error of law'" as well as "if the court 'has patently misunderstood a party or has made an error not of reasoning but apprehension.'"  Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008) (internal

17

citations and ellipses omitted); accord Villanueva v. United
States, 662 F.3d 124, 128 (1st Cir. 2011) (same); see
Mulero-Abreu v. P.R. Police Dep't, 675 F.3d 88, 94 (1st Cir.
2012) ("'manifest error of law'" provides basis for
reconsideration) (internal citations omitted).  Manifest
injustice also constitutes a basis for reconsideration.  Ellis v.
United States, 313 F.3d 636, 648 (1st Cir. 2002).  The manifest
injustice exception "requires a definite and firm conviction that
a prior ruling on a material matter is unreasonable or obviously
wrong," id., "'as well as a finding of prejudice.'"  United
States v. García-Ortiz, 792 F.3d 184, 190-91 (1st Cir. 2015)
(quoting United States v. Wallace, 573 F.3d 82, 89 (1st Cir.
2009), in parenthetical), cert. denied, 138 S.Ct. 694 (Jan. 8,
2018).  Reconsideration is not appropriate "to advance arguments
that could and should have been presented to the district court
prior to its original ruling."  Villanueva, 662 F.3d at 128
(finding no abuse of discretion for court to deny reconsideration
because "Villanueva simply reiterated" arguments that "could and
should have been presented in his original request").

For reasons stated above and having considered the matter at
greater length and in greater depth, this court has a definite
and firm conviction that the July 2019 decision is obviously
wrong as well as unreasonable on the third element of claim
preclusion.  The policies underlying claim preclusion strongly

support its application and <u>Springfield Trust</u> is distinguishable
as explained above.  Whereas reconsidering the July 2019 decision
in one sense does not encourage reliance on adjudications, in
another sense it avoids an inconsistency in results.  <u>See
generally</u> <u>Ellis</u>, 313 F.3d at 647 (recognizing various concerns
including inconsistency).  As to the latter, if this court let
the July 2019 decision stand it produces the inconsistent result
of applying claim preclusion to the federal constitutional claims
while not applying claim preclusion to the ultra vires state law
claims, all of which the MAC viewed as barred due to plaintiff's
failure to avail himself of the remedies provided in chapter 90C,
section three.  (Docket Entry # 8-8).  In addition, the error, if
allowed to stand, will prejudice defendants by requiring them,
yet again, to defend the claims they previously and successfully
defended in the state trial court and then again in the MAC.  The
trial court rewarded defendants with a dismissal that it
considered final and the MAC rewarded defendants with an
affirmation of the judgment because plaintiff did not pursue the
remedies provided in chapter 90C.  Refusing to reconsider the
claim preclusion of the state law claims denies defendants the
relief the state courts gave them and forces them to defend
against the same claims notwithstanding the finality of each of
these decisions.  <u>See</u> <u>generally</u> <u>Negrón-Almeda v. Santiago</u>, 579
F.3d 45, 52 (1st Cir. 2009) (examining prejudice in context of

analogous law of the case doctrine).  In affirming the district court's reconsideration of an initial grant of summary judgment to the defendants, the First Circuit in Negrón-Almeda explained that the "obviously wrong" ruling "prevented [plaintiffs] from obtaining the equitable relief they sought and to which the district court determined they were otherwise entitled," which was reinstatement.  Id.[14]  Here too, letting the obviously incorrect claim preclusion decision stand will work a manifest injustice and prejudice defendants.

As a final matter, plaintiff is correct that ordinarily reconsideration is not allowed where, as here, the party advances an argument that it could and should have presented to the court prior to the initial ruling.  See Villanueva, 662 F.3d at 128. Plaintiff therefore strenuously asserts that defendants cannot argue that the MAC's decision was a "'merit-based finding of waiver.'"  (Docket Entry # 32, § III).  It is true that defendants did not raise the argument that the MAC's decision was itself a decision on the merits for purposes of claim preclusion in opposing plaintiff's motion for reconsideration.  This court therefore determined that for purposes of opposing plaintiff's reconsideration motion (Docket Entry # 26), defendants waived the

---

[14]  The court also cited Sulik v. Taney Cty., Mo., 393 F.3d 765, 766 (8th Cir. 2005), in a parenthetical as "holding that to let stand a dismissal that was based on an error about the statute of limitations would work a manifest injustice." Negrón-Almeda, 579 F.3d at 52.

argument that the MAC's decision on waiver was itself a decision on the merits for purposes of claim preclusion. (Docket Entry # 30, p. 6 n.4).[15] This court's waiver determination applied solely to defendants' failure to raise the argument "[o]n reconsideration." (Docket Entry # 30, p. 6). The waiver was limited to the context of deciding plaintiff's motion for reconsideration. It was not a determination that the waiver extended to a future motion made by defendants to reconsider the ruling. See Iacobucci v. Boulter, 193 F.3d 14, 19-20 (1st Cir. 1999) (deferring to district judge's interpretation of her own order); accord Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 46 (1st Cir. 2006).

At this juncture, the matter reduces to whether to allow defendants to advance their argument that "Springfield Trust is not on all fours" because, inter alia, the MAC's 1979 decision affirmed the lower court on the basis "that the Trust failed to comply with procedural requirements of the applicable statute, a major distinction which will be discussed below[,]" and "[t]wo decades later the Trust challenged the validity of the same ordinance, this time impleading the necessary parties . . .." (Docket Entry # 31, p. 6) (capitalization and bolding omitted).

_____

[15] More precisely, the operative determination states: "*On reconsideration*, defendants therefore waived the argument that the MAC's conclusion that plaintiff 'waived his right to contest' that the traffic citation was itself a decision on the merits for purposes of claim preclusion." (Docket Entry # 30, p. 6, n.4) (emphasis added).

As noted above, this new argument further adds that, "The Trust could correct their procedural errors and re-file" whereas "Belezos cannot reverse the fact that he waived the right to contest the civil motor vehicle infraction." (Docket Entry # 31, p. 8). In the exercise of this court's discretion in adjudicating a reconsideration motion, defendants' failure to previously advance this argument will not foreclose reconsideration. As discussed, reconsideration is strongly warranted based on the third factor and the policies supporting the doctrine. Furthermore, barring defendants from raising the argument now imposes the continuing prejudice on them of defending against claims the state courts rejected, not on a procedural technicality as in <u>Springfield Trust</u>, 852 N.E.2d at 91 n.11, but instead because plaintiff waived the remedies in chapter 90C, which he can no longer access because his payment is a "final disposition." Mass. Gen. Laws ch. 90C, § 3.

Finally, plaintiff submits he is not challenging a vacatur of the traffic citation. (Docket Entry # 32, p. 15). According to plaintiff, he therefore "avoids any issue preclusion stemming from the MAC's decision on waiver." (Docket Entry # 32, p. 15). He also contends that the MAC passed over his assertions that defendants' erection and enforcement of unauthorized speed limit signs did not comply with procedures and state statutes governing their erection and enforcement. (Docket Entry # 32, p. 15). To the contrary, the MAC summarized the statutory allegations in

plaintiff's state court complaint and stated that the civil
action "at its core" is a challenge to the speeding citation.[16]
(Docket Entry # 8-8, p. 3).  Immediately thereafter, the MAC
implicitly deemed these assertions or claims waived because
plaintiff did not contest the traffic infraction "at the heart"
or core of the civil action when he failed to pursue the remedies
afforded in chapter 90C, section three.  The relevant portion of
the opinion reads as follows:

> Belezos's complaint alleges that the town improperly posted
> sixty speed limit signs, including the sign under which he
> was cited, when it failed to obey the procedures outlined in
> G. L. C. 90, § 18, and set forth in G. L. c. 85, § 2.  In
> addition, Belezos argues the text of G. L. c. 90, § 17, does
> not "authorize municipalities to . . . establish speed zones
> or post speed limit signs."  At its core, Belezos's civil
> action challenges the basis of his speeding citation and, in
> addition, asserts constitutional and due process violations
> . . ..

(Docket Entry # 8-8, p. 3).  Two sentences later in the
discussion section, the MAC recites the finding that:

> It is unnecessary to reach the merits of Belezos's claims
> because he waived his right to contest the civil motor
> vehicle infraction that is at the heart of this dispute by
> failing to pursue the remedy expressly provided for by the
> Legislature.  General Laws c. 90C, § 3, par. 2, as appearing
> in St. 1991, c. 138, § 161, states that "[p]ayment of the
> indicated assessment shall operate as a final disposition of
> the matter."

---

[16] In finding a waiver, the MAC also summarized the
provisions and the inter-relationship of sections 17 and 18 of
Massachusetts General Laws chapter 90, including special speed
regulations adopted by towns subject to the oversight approval of
the Massachusetts Department of Transportation.  (Docket Entry #
8-8).

(Docket Entry # 8-8, p. 4).  The MAC's decision therefore deemed the assertions or claims regarding the erection and enforcement of the unauthorized speed limit signs encompassed within the waiver.  Furthermore, the MAC affirmed the judgment of the trial court, which dismissed the state statutory claims as well as the federal constitutional claims.  If the MAC passed over the erection and illegal enforcement of the speed limit signage assertions, as plaintiff suggests, the MAC would not have affirmed the judgment dismissing *all* of the claims.  Simply put, the MAC did not pass over them.

In any event, the trial court considered the issues regarding the unauthorized speed limit signs and made necessary findings regarding them to support the final judgment.  As previously explained, the trial court did not render alternative findings and the MAC did not affirm the judgment based on one of two alternative grounds.  (Docket Entry # 22, p. 28).  Plaintiff's issue preclusion argument therefore lacks merit.

Plaintiff's related argument that chapter 90C limits his appeal rights to a challenge to the clerk-magistrate's final judgment on the citation (Docket Entry # 32, p. 14) is similarly unavailing.  First, the SJC denied plaintiff's ALOFAR, which made a similar, more elaborate argument.  (Docket Entry # 8-9); Belezos v. Bd. of Selectmen of Hingham, 102 N.E.3d 424 (Mass. 2018) (Table).  Second, the decision by the MAC in the appeal by

plaintiff's counsel of his traffic ticket on Gardner Street found no impediment to addressing a related argument.[17]   See Hingham Police Dep't v. Zotos, No. 11-P-1716, 2012 WL 1689189 (Mass. App. Ct. May 16, 2012) (unpublished).

In sum, reconsideration is appropriate.  Consistent with the claim-preclusion bar of the federal constitutional claims (Docket Entry # 22), claim preclusion bars the ultra vires state law claims in this action.  As such, they are subject to dismissal.[18]

## II. Supplemental Jurisdiction

On September 24, 2019, this court requested briefing from the parties to address this court's supplemental jurisdiction. Plaintiff urges this court to retain jurisdiction over the state law claims.  With briefing from each side complete, it is appropriate to address this court's decision to retain supplemental jurisdiction over the state law claims.

### BACKGROUND

In light of prior recitals of the procedural history and facts in this action, it is not necessary to reiterate them in detail.  For present purposes, this court notes the following before proceeding to address supplemental jurisdiction.

The original and the first amended complaints raise federal

---

[17]   See footnote one.

[18]   It is therefore not necessary to address any remaining arguments in defendants' motion to dismiss (Docket Entry # 13).

constitutional claims under 42 U.S.C. § 1983 ("section 1983") and ultra vires claims under state law.[19]   The first amended complaint appropriately relies on federal question and civil rights jurisdiction for the section 1983 claims.  28 U.S.C. §§ 1331, 1343; (Docket Entry # 1, ¶ 2) (Docket Entry # 11, ¶ 2).  Although it also cites the Declaratory Judgment Act, 28 U.S.C. § 2201 ("DJA"), as a basis for jurisdiction (Docket Entry # 11, ¶ 2), such reliance is misplaced because the DJA applies to "a case of actual controversy *within its jurisdiction*."  28 U.S.C. § 2201 (emphasis added); see Cavallaro v. Mendelsohn, Tr. of the Pearl Mendelsohn Revocable Living Tr., Civil Action No. 19-10508-FDS, 2019 WL 2060114, at *3 (D. Mass. May 9, 2019) (quoting DJA with added emphasis); see Watchtower Bible and Tract Soc'y of N.Y., Inc. v. Colombani, 712 F.3d 6, 11 (1st Cir. 2013) ("Declaratory Judgment Act, 28 U.S.C. § 2201, simply is not a grant of jurisdiction.").  The DJA "does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis."  Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995); accord In re the Fin. Oversight and Mgmt. Bd. for P.R., 919 F.3d 638, 645 (1st Cir.

---

[19]   The subject-matter jurisdiction asserted in each pleading is identical.  (Docket Entry # 1, ¶ 2) (Docket Entry # 11, ¶ 2).  For convenience, this court references only the first amended complaint.

2019) (quoting same language in <u>Ernst & Young</u>, 45 F.3d at 534);

<u>Boston Redevelopment Auth. v. Nat'l Park Serv.</u>, 838 F.3d 42, 48

(1st Cir. 2016).

On April 13, 2018, defendants filed the motion to dismiss all of the claims in the amended complaint on the basis of claim preclusion, the merits, and the <u>Rooker-Feldman</u> doctrine.[20] (Docket Entry # 13).  Plaintiff filed an opposition to the motion on April 27, 2018.  (Docket Entry # 15).  Less than a month later, he filed a motion for class certification.  (Docket Entry # 16).  In lieu of responding, defendants asked for an extension of time to oppose the class certification motion until after this court ruled on the motion to dismiss.  (Docket Entry # 19).  On June 5, 2018, this court granted the motion for an extension.

On March 29, 2019, this court allowed the motion to dismiss the federal claims on claim preclusion and on the merits. (Docket Entry # 22).  At the same time and in lieu of declining to exercise supplemental jurisdiction, this court allowed a dismissal of the state law claims solely on the basis of claim preclusion but held the dismissal of these claims in abeyance until a decision on the pending class certification motion filed almost a year earlier.  (Docket Entry # 22, pp. 29, 40-41).  The March 29, 2019 decision did not address defendants' merits-based

---

[20] <u>See</u> <u>Rooker v. Fidelity Tr. Co.</u>, 263 U.S. 413 (1923); <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).

argument to dismiss the state law claims.  (Docket Entry # 22).

On April 12, 2019, defendants filed the opposition to class certification.  (Docket Entry # 25).  Three days later, plaintiff filed the motion to reconsider the dismissal of the federal claims and the state law claims.  (Docket Entry # 26).  The July 3, 2019 opinion addressed both the federal and the state law claims, allowed reconsideration of the claim-preclusion dismissal of the state law claims, and denied reconsideration of the merits-based dismissal of the federal claims.  (Docket Entry # 30).  Again less than one month later, defendants filed the motion to reconsider the denial of claim preclusion for the state law claims.  (Docket Entry # 31).  Plaintiff opposed the motion and asserted there was no bar to prevent him from litigating the state law claims.  (Docket Entry # 32).  The motion therefore called into question the existence of a remedy in state court in the event this court declined supplemental jurisdiction and dismissed the state law claims without prejudice.

## DISCUSSION

Supplemental jurisdiction under 28 U.S.C. § 1367 ("section 1367") provides a basis to exercise jurisdiction where, as here, the state law claims are "so related to" the federal claims "that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  "State and federal claims are part of the same 'case or controversy' for

28

the purposes of section 1367(a) if they '"derive from a common
nucleus of operative fact" or "are such that [they] would
ordinarily be expected to [be] tr[ied] in one judicial
proceeding."'"   <u>Allstate Interiors & Exteriors, Inc. v.
Stonestreet Constr., LLC</u>, 730 F.3d 67, 72 (1st Cir. 2013)
(internal citations and ellipses omitted).   The federal and state
law claims derive from plaintiff's September 2011 speeding ticket
on Gardner Street and defendants' failure to undergo the process
to obtain a special regulation under Massachusetts General Laws
chapter 90, section 18, to properly erect and enforce the speed
limit sign on Gardner Street.   Accordingly, the necessary common
nucleus of operative fact exists between the federal substantive
and procedural due process claims and the state law ultra vires
claims.

The subsequent dismissal of the foundational federal claims
on March 29, 2019 does not deprive this court of jurisdiction.
<u>Roche v. John Hancock Mut. Life Ins. Co.</u>, 81 F.3d 249, 256–57
(1st Cir. 1996).   Rather, it poses the question of whether to
retain jurisdiction under section 1367(c).   <u>See</u> <u>id.</u> at 256–57 (in
"federal-question case, the termination of the foundational
federal claim . . . sets the stage for an exercise of the court's
informed discretion").   In such instances, "the factors to"
consider "in determining whether to exercise supplemental
jurisdiction include 'judicial economy, convenience, fairness,

and comity.'"  Sexual Minorities Uganda v. Lively, 899 F.3d 24,

35 (1st Cir. 2018) (quoting Carnegie-Mellon Univ. v. Cohill, 484

U.S. 343, 350 n.7 (1998)).  "Additionally, the court may consider

other relevant factors, including the presence of novel or

sensitive issues of state law."  Id. at 35.  As is often stated,

it is "an abuse of discretion for a district court to retain

jurisdiction over the remaining pendent state law claims unless

doing so would serve 'the interests of fairness, judicial

economy, convenience, and comity.'"  Wilber v. Curtis, 872 F.3d

15, 23 (1st Cir. 2017) (internal citations omitted).

     As noted, in March 2019, this court adjudicated the claim

preclusion of the state law ultra vires claims at the same time

it adjudicated the claim preclusion of the federal claims.

(Docket Entry # 22).  Judicial economy and convenience provided a

basis to adjudicate both sets of claims because they involved the

same legal issue, i.e., claim preclusion, and the same procedural

facts, i.e., plaintiff's state-court proceedings.  See Redondo

Constr. Corp. v. Izquierdo, 662 F.3d 42, 49 (1st Cir. 2011)

(state and federal claims "rested on virtually the same factual

basis" and "sought essentially the same relief" which supported

retaining jurisdiction).  In July 2019, this court addressed

reconsideration of the federal and the state law claims.  Because

neither party raised nor objected to the continued exercise of

supplemental jurisdiction, this court addressed the state law

claims at the same time it addressed the federal law claims. First and foremost, the parties waived any challenge to this court's exercise of supplemental jurisdiction at that time.  <u>See</u> <u>Lawless v. Steward Health Care Sys., LLC</u>, 894 F.3d 9, 20 (1st Cir. 2018) (affirming discretionary exercise of supplemental jurisdiction because "parties never challenged the district court's continuing exercise of supplemental jurisdiction" and therefore "waived any such challenge").

Moreover, the July 2019 decision determined that claim preclusion did not bar relitigation of the state law ultra vires claims.  The ability to file a separate suit in state court is germane to a determination of supplemental jurisdiction and thus warranted a determination of the claim-preclusive effect of the state law claims.  <u>See</u> <u>Rodriguez v. Doral Mortg. Corp.</u>, 57 F.3d 1168, 1177 (1st Cir. 1995) ("running of the statute of limitations on a pendent claim, precluding the filing of a separate suit in state court, is a salient factor to be evaluated when deciding whether to retain supplemental jurisdiction").  Here, the applicable tolling rules of 28 U.S.C. § 1367(d) ("section 1367(d)") suspend any state statute of limitations during the pendency of this putative class action and for 30 days after a dismissal.[21]  <u>See</u> <u>Artis v. D.C.</u>, 138 S. Ct. 594, 603

---

[21]  The litigation in <u>Zotos v. Town of Hingham</u>, Civil Action No. 12-11126-JGD, 2013 WL 5328478 (D. Mass. Sept. 19, 2013), was not a class action proceeding.  Hence, the court exercised

(2018) (section 1367(d), "phrased as a tolling provision[,]"
suspends state "statute of limitations for two adjacent time
periods: while the claim is pending in federal court and for 30
days postdismissal"); Deppner v. Spectrum Health Care Res., Inc.,
325 F. Supp. 3d 176, 191 (D.D.C. 2018).  Hence, the statute of
limitations is no more of a bar to plaintiff's state law claims
than it was at the outset of this litigation.  Defendants are
just as likely to argue the statute of limitations, which they
previously asserted in opposing class certification (Docket Entry
# 25), as they would in a refiled state court proceeding raising
the ultra vires claims.[22]  More to the point, however, the July
2019 decision increased the likelihood of plaintiff's ability to
refile the ultra vires claims in state court because they were no
longer barred under principles of claim preclusion.  Thereafter
and upon review of defendants' motion for reconsideration, it
became apparent that the state law claims were barred.  The
resurgence of the issue of a state forum and remedy as barred by
claim preclusion thus provided justification to exercise
supplemental jurisdiction over the state law claims and decide
that issue by adjudicating defendants' reconsideration motion.

---

supplemental jurisdiction in part because a dismissal would
implicate statute of limitations issues.  (Docket Entry # 8-3, p.
32).

    [22]  The original complaint relied on Massachusetts General
Laws chapter 260, section 32, to avoid a statute of limitations
bar.  (Docket Entry # 1, ¶ 45).

See Rodriguez, 57 F.3d at 1177 (inability to file separate suit in state court, albeit due to running of statute of limitations, "is a salient factor" in deciding supplemental jurisdiction).

There is also no unfairness to plaintiff inasmuch as he chose the federal forum.  See generally Tomaiolo v. Mallinoff, 281 F.3d 1, 11 (1st Cir. 2002) ("perceiv[ing] no unfairness" in continued exercise of supplemental jurisdiction because "Tomaiolo chose to be in federal court, and once there received ample opportunity to litigate all of her claims, federal and state"). In any event, plaintiff waived any objection to this court's continued exercise of supplemental jurisdiction in deciding defendants' reconsideration motion because he presently requests that this court "continue to exercise supplemental jurisdiction over the state law claims in this case" (Docket Entry # 34).  See Lawless v. Steward Health Care Sys., LLC, 894 F.3d at 20. Defendants, for their part, ask this court to "grant [their] pending motion for reconsideration" (Docket Entry # 33, p. 5), which necessarily entails exercising supplemental jurisdiction over the state law claims.

CONCLUSION

In accordance with the foregoing discussion, the motion for reconsideration (Docket Entry # 31) is **ALLOWED** and the state law claims in counts I, II, and III are **DISMISSED** as barred under the doctrine of claim preclusion.

_____/s/ Marianne B. Bowler_____
**MARIANNE B. BOWLER**
United States Magistrate Judge